HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN MANN,

                Plaintiff,

    v.

GEICO GENERAL INSURANCE
COMPANY, a foreign insurer,

              Defendants.

CASE NO. 2:12-CV-00909-RBL

ORDER ON SUMMARY
JUDGMENT AND *OLYMPIC
STEAMSHIP* FEES

THIS MATTER is before the court on Plaintiff Kevin Mann's Motion for Partial

Summary Judgment [Dkt. #32], and Defendants GEICO's Motion for Summary Judgment

regarding *Olympic Steamship* fees [Dkt. #29].

Mann claims that GEICO acted in bad faith in violation of Washington's  Consumer

Protection Act when it (1) did not notify him that Uninsured Motorist coverage was relevant to

his claim when he first reported the accident, (2) unreasonably denied coverage for the accident

when Mann made a UIM claim, and (3) failed to initiate a dispute resolution proceeding.  Mann

seeks partial summary judgment on these issues. He argues that the amount of his damages will

be determined at trial.

1       GEICO seeks a ruling as a matter of law that Mann is not entitled to any *Olympic*

2 *Steamship* fees because it did not deny him *coverage,* but rather denied Mann's UIM *claim*.

3       For the following reasons both Motions are DENIED.

### I. BACKGROUND

5       On August 17, 2009, Plaintiff Kevin Mann was involved in an accident on Highway 410

6 in Enumclaw, WA. His Ford F-350 pick-up truck left the road and rolled several times. Mann's

7 injuries required him to be airlifted to Harborview.  Mann had minimal insurance through

8 GEICO.  His policy did not include Personal Injury Protection coverage, but, consistent with

9 state law, did include Underinsured Motorist (UIM) coverage in the amount of $50,000.  It is

10 apparently undisputed that Mann's injuries exceeded that amount.

11       Mann made a claim with GEICO two days after the accident, and GEICO paid for the

12 property damage to his truck within a week.  Mann alleges that GEICO did not notify him of his

13 possible UIM coverage, but GEICO disputes this.  In October, 2009, GEICO told a medical

14 provider seeking a claim number there was no PIP coverage available and that UIM coverage did

15 not apply, because it had determined Mann was at fault.  Mann did not pursue possible UIM

16 coverage until he consulted with an attorney in August 2010.

17       On August 20, 2010, Mann made a UIM claim.  GEICO began an investigation, which

18 included obtaining the police report and written statements from five witnesses.  It also took the

19 recorded statements of witnesses Rebekah Holkesvig and Ryan Burks.  Although there were

20 multiple witnesses to the accident, no single witness saw the accident in its entirety, and the

21 witnesses' accounts are conflicting.  Some witnesses say it looked like Mann was speeding,

22 involved in a road rage incident, or racing a Mitsubishi Eclipse, but these witnesses did not see

23

24

ORDER ON SUMMARY JUDGMENT AND
OLYMPIC STEAMSHIP FEES - 2

Mann's accident.  Another witness, Holkesvig, saw Mann swerve off the road and roll into the ditch, but did not see another vehicle.

On September 13, 2010, GEICO finished its investigation and determined that the accident was 100% Mann's fault.  GEICO notified Mann that its "investigation… [did] not support the conclusion that a "phantom vehicle" played a role in the causation of this accident" because "the facts of the accident must be proven with competent evidence… [and GEICO] will not accept the testimony of [Mann]… for any injuries or damages resulting from this accident." [Dkt. #36 at 7].  Mann disagreed with GEICO's finding and his attorney continued to correspond with a GEICO claims examiner through March of 2012 about obtaining coverage.

Mann sued GEICO for bad faith in May 2012, on three primary grounds: (1) He claims GEICO failed to disclose his UIM coverage in 2009; (2) that GEICO's denial of UIM coverage based on a lack of evidence of a "phantom vehicle" was bad faith; and (3) GEICO failed to initiate dispute resolution proceedings, forcing him to sue to obtain the benefits of his policy. Mann now seeks judgment as a matter of law on his bad faith claim.

GEICO opposes this Motion, and in its own Motion seeks a determination that even if Mann prevails, he is not entitled to his attorneys' fees under *Olympic Steamship*. It argues that Mann is not entitled to fees because it denied his UIM *claim*, but never denied that Mann had UIM *coverage*.

## II. DISCUSSION

**A.    Summary Judgment and Insurer's Duty of Good Faith.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to

interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash.2d 751, 765, 58 P.3d 276 (2002). To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Overton v. Consol. Ins. Co.*, 145 Wash.2d 417, 433, 38 P.3d 322 (2002). Whether an insurer acted in bad faith is a question of fact. *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wash.2d 784, 796, 16 P.3d 574 (2001). If reasonable minds could differ that an insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. *Smith v. Safeco Ins. Co.*, 150 Wash. 2d 478, 486, 78 P.3d 1274, 1277-78 (2003).

**B. Disclosure of UIM Coverage.**

Mann's first bad faith claim is based on his claim that GEICO failed to even notify him that his policy included UIM coverage, and did not investigate the accident when he first

reported it on August 19, 2009.  GEICO points to its records as evidence that it did notify Mann of his UIM coverage:

> Fnol Loss Report
> Did you Advise Of 1st Party Coverages? Yes

*See* GEICO Claim Notes [Dkt #36 at 5].

If and to the extent Mann's bad faith claim is based on GEICO's failure to inform him of his policy's potential UIM coverage, this evidence presents a question of fact as to whether GEICO actually failed to do so.  Mann's Motion for Summary Judgment on his bad faith claim on this basis is therefore DENIED.

**C.  Reasonableness of Coverage Denial.**

The second basis for Mann's bad faith claim is his allegation that GEICO denied UIM coverage based on its determination that there was no independent evidence corroborating involvement of a "phantom vehicle," when in fact there was evidence suggesting that there was a second car, and that that car caused the accident.  Mann relies on the fact that several eye witnesses confirmed the presence of a Mitsubishi Eclipse interacting with Mann's vehicle before the accident and leaving the scene afterward, as well as Mann's "excited utterance" statements at the scene that a second vehicle "cut me off."  [Dkt. #32 at 2].

GEICO does not disagree that another vehicle may have been present, but argues that there was no evidence to support a "phantom vehicle" under the policy's definition.  The policy requires that such a vehicle "causes bodily injury or property damage... and has no physical contact."  GEICO argues that the witness statements show that Mann was "engaged in road racing just prior to the accident and that loss of control was the sole cause of the motor vehicle accident."  GEICO's finding is largely based on Holkesvig's statement that she saw Mann lose control of his truck, but did not observe any other vehicles near the truck just before the accident.

1    Because the evidence presented is amenable to alternate inferences, it cannot be said as a

2    matter of law that GEICO's denial of Mann's UIM claim was unreasonable. Therefore, Mann's

3    request for Summary Judgment on this claim is DENIED.

4    **D.  GEICO's Obligation to Initiate Dispute Resolution.**

5    It is undisputed that Mann's GEICO policy does not require it to arbitrate disputed UIM

6    claims.  Nevertheless, Mann argues that GEICO has a duty of good faith and fair dealing and has

7    a duty under Washington law to attempt to settle UIM claims without arbitration or litigation.

8    He claims that GEICO should have either agreed to arbitration or initiated a Declaratory

9    Judgment action to resolve his claim, and that GEICO's refusal to do so was unreasonable and

10   bad faith.  GEICO argues, correctly, that Washington law does not obligate it to arbitrate claims

11   in the absence of a policy provision requiring arbitration.

12   But it is bad faith to force an insured to initiate litigation to obtain coverage by offering

13   him substantially less than he ultimately recovers:

14        The following are hereby defined as unfair methods of competition and
     unfair or deceptive acts or practices of the insurer in the business of insurance,
15   specifically applicable to the settlement of claims:

16        (7) Compelling a first party claimant to initiate or submit to litigation,
     arbitration, or appraisal to recover amounts due under an insurance policy by
17   offering substantially less than the amounts recovered in such actions or
     proceedings.

18   WAC 284-30-330(7).

19   GEICO argues its failure to initiate arbitration or a Declaratory Judgment action is not

20   bad faith as a matter of law.

21   Under Washington law, we must await the result of the litigation Mann initiated before

22   we can know whether GEICO offered him less than he ultimately recovered.  It cannot be said as

23

24

ORDER ON SUMMARY JUDGMENT AND
OLYMPIC STEAMSHIP FEES - 6

1    a matter of law that GEICO's failure to offer anything on Mann's UIM claim was bad faith.

2    Mann's Motion for Summary Judgment on his bad faith claim on this basis is DENIED.

3    **E.  Attorney's Fees.**

4         GEICO also seeks summary judgment on one narrow issue.  It argues that Mann is not

5    entitled to *Olympic Steamship* fees as a matter of law because it did not deny Mann *coverage;*

6    rather, it denied his UIM *claim*.  Mann argues that he is entitled to fees based on GEICO's bad

7    faith, CPA violations, the Insurance Fair Conduct Act and/or *Olympic Steamship*.

8         An insured party has a right to recover attorney fees incurred as a result of the insurer's

9    refusal to defend the insured, or refusal to pay a justified claim by the insured.  *Olympic S.S. Co.,*

10   *Inc. v. Centennial Ins. Co.*, 117 Wash. 2d 37, 811 P.2d 673 (1991).  *Olympic Steamship* fees are

11   recoverable in cases where the insurer forces the insured to litigate questions of coverage, but not

12   in instances where the controversy is merely over the amount of, or the denial of, a claim.

13   *Leingang v. Pierce County Med. Bureau, Inc*., 131 Wash. 2d 133, 147, 930 P.2d 288, 295 (1997).

14        However, the existence of sufficient verification that a "phantom vehicle" caused the

15   accident is an element of coverage under Washington law.  *Farmers Ins. Co. of Washington v.*

16   *Frederickson*, 81 Wash. App. 319, 322, 914 P.2d 138, 140 (1996).

17        GEICO argues that Mann is not entitled to *Olympic Steamship* fees because they did not

18   deny coverage. It argues that it investigated Mann's claims and paid for the damage to his

19   vehicle but that Mann was not entitled to recover under a UIM claim because it had determined

20   Mann was 100% at fault.

21        GEICO's position is undermined by its own evidence.  It admitted in its formal coverage

22   denial letter that it was in fact determining UIM coverage:

23        "In the absence of independent evidence confirming the existence and/or
         involvement of a "phantom vehicle" GEICO cannot afford *coverage*…. If you

24        have any additional evidence or testimony that would confirm the involvement of

a "phantom vehicle" please inform me immediately so that I can revisit the issue of *coverage*."

*See* Sloan Dec. [Dkt. #33, exhibit 8 (emphasis added)].

This question of sufficient verification that a "phantom vehicle" caused the accident is a coverage issue.  Therefore, it cannot be said as a matter of law that if Mann prevails, he would not be entitled to his fees under *Olympic Steamship*.  GEICO's Motion for Summary Judgment on this claim is DENIED.

Mann's Motion for Summary Judgment [Dkt. #32] and GEICO's Motion for Summary Judgment [Dkt. #29] are DENIED.

IT IS SO ORDERED.

Dated this 13th day of February

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE